ANNIE M. GILSON v. CLYDE E. KNOUF.[1]

May 18, 1928.

No. 26,724.

**Decision of trial court on question of fact is final.**

An appeal *held* to present for review only an issue of fact with respect to which the action below is final.

Appeal and Error, 4 C. J. p. 876 n. 78.

By order of the probate court for Cass county, Whitney, J. the monthly allowance of plaintiff under the will of Huston G. Knouf was fixed at $100. Defendant as executor of the estate appealed to the district court where the order of the probate court was affirmed. Defendant appealed to this court from the judgment of the district court, Wright, J. Affirmed.

*J. E. Lundrigan,* for appellant.
*Daniel DeLury,* for respondent.

STONE, J.

The will of Huston G. Knouf, late a resident of Cass county, directed the executor to convert the assets of the estate "into cash or good interest bearing securities" and, after making full provision for the payment of certain devises and specific bequests, provided "that the income if sufficient and if not sufficient then such amount of said estate as shall be necessary be paid to my beloved wife for her maintenance and support during the remainder of her natural life." The present proceeding was initiated in the probate court by the petition of the former widow, now Mrs. Gilson, praying for an order fixing her monthly allowance under the will at $150. Upon that petition an order was made by the probate court fixing the amount at $100 per month. Upon appeal to the district court that

[1] Reported in 219 N. W. 457.

order was affirmed, and the executor of the estate appeals from the judgment.

So far as we can see, the appeal presents nothing but a question of fact. The testator made clear his intention to make adequate provision for the maintenance of his wife as long as she might live. She is not in good health, and the probable cost of needed medical and surgical attention was an element to be considered. That and other circumstances put the action of the probate and district courts beyond the possibility of successful attack.

We are not overlooking the argument that the petitioner is no longer a widow. She married again, and her present husband of course is under the duty of supporting her adequately. What he has done along that line and his ability to do more were circumstances for consideration below. But there is nothing in that phase of the case that can lead to a reversal.

Judgment affirmed.